



# MEMORANDUM OPINION

No. 04-08-00026-CR

Richard **JIMENEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-10087
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 10, 2008

AFFIRMED

On November 30, 2007, Appellant Richard Jimenez entered a plea of no contest to the

felony offense of violation of a protective order.  Due to the prior enhancements, Jimenez faced a

punishment range of confinement in the Institutional Division of the Texas Department of

Criminal Justice for a period of no less than two years and no more than ten years, and a possible

fine up to $10,000.00.  As part of the plea bargain, the State recommended Jimenez be sentenced

to three years confinement, suspended and probated for a term of five years. The trial court accepted Jimenez's plea and reset the matter for the completion of a pre-sentence investigation report.

During the sentencing hearing on December 18, 2007, the trial court informed Jimenez that he was not going to follow the agreed upon plea agreement. Instead, the trial court proposed to find Jimenez guilty of the offense and assess confinement for a period of two years and a fine in the amount of $1500.00. In doing so, the trial court instructed Jimenez:

> And since I did not follow your plea bargain agreement, in other words, the State has recommended probation in this case and I decided not to give you probation, but I have assessed the minimum two-year sentence and a $1500.00 fine, the question now becomes whether you want to accept the sentence as proposed, or if you would like to withdraw your plea at this time. So why don't you take a few minutes, visit with your attorney and tell me what you want to do.

After reconvening, Jimenez informed the trial court that he would accept the sentence and the trial court sentenced him accordingly. This appeal followed.

Jimenez's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Jimenez with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.— San Antonio 1996, no pet.). Jimenez did not file a pro se brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in Anders brief or pro se response but should only determine if the appeal is frivolous). The judgment of the trial court is affirmed.

Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Rebecca Simmons, Justice

Do Not Publish